United States District Court
Southern District of Texas
**ENTERED**
August 14, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JOHN BRYAN HODKINSON, § | |
| § | |
| Petitioner, § | |
| v. § | MISC. ACTION NO. 7:18-MC-00982 |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, | |
| Correctional Institutions Division, | |
| | |
| Respondent. | |

## REPORT & RECOMMENDATION

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 13, 2018. (Civ. Dkt. No. 1). Petitioner then filed an unsworn declaration of his intent to no longer proceed with the instant action. (Civ. Dkt. No. 3). This case was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b).

After a careful review of the record and relevant law, the undersigned recommends that Petitioner's § 2254 motion be **DISMISSED** without prejudice, and the case be closed.

### I. OVERVIEW AND APPLICABLE LAW

#### A. Summary of the Pleadings

Petitioner raises four claims in his § 2254 petition: (1) he was denied mandatory supervision without due process and equal protection of the law; (2) his good time and work time credits were revoked without due process; (3) the procedures used by the Texas Board of Parole are unconstitutionally arbitrary; and (4) his continued incarceration is an abuse of unfettered discretion. (Dkt. No. 1 at 6-7). Petitioner now declares that he no longer wants to proceed with the instant action and asks to "withdraw all complaints." (Dkt. No. 3).

### B. Voluntary Dismissal

Rule 12 of the Rules Governing Section 2254 Cases permits application of the Federal Rules of Civil Procedure in habeas cases. A plaintiff may dismiss an action *without* court order by filing a notice of dismissal if the opposing party has not served an answer or motion for summary judgment. Fed. R. Civ. P. 41(a). Respondent has not yet filed an answer or dispositive motion in this case.

"Rule 41(a)(1)(i) is the shortest and surest route to abort a complaint when it is applicable. So long as the plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk. . . . [T]he court has no role to play." *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963). "The notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016). "The court ha[s] no power or discretion to deny plaintiff['s] right to dismiss or to attach any condition or burden to that right." *Id.* Whether a party simply gives notice or moves to voluntarily dismiss the case, once they do so "the case [i]s effectively terminated." *Williams v. Ezell*, 531 F.2d 1261, 1263–64 (5th Cir. 1976). Thus, Petitioner's declaration of his intent to no longer proceed with the case and his request to withdraw his petition effectively acts as a termination of the case.

The case should be dismissed.

## II. CONCLUSION

### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that Petitioner's § 2254 motion be **DISMISSED** without prejudice, and the case be closed.

### *Certificate of Appealability*

It is recommended that the District Court deny a Certificate of Appealability.

Pursuant to 28 U.S.C. § 2253(c)(1)(A), the movant may not appeal the final order of a habeas corpus proceeding "unless the circuit justice or judge issues a certificate of appealability." The Rules Governing Section 2254 Proceedings instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[1] Rule 11, The Rules Governing Section 2254 Proceedings. Because it is recommended that Petitioner's § 2254 motion be dismissed, it must be addressed whether she is entitled to a certificate of appealability (COA).

A movant is entitled to a COA when it can be shown that a reasonable jurist would find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c). Because the undersigned finds that Petitioner fails to meet this threshold, it is recommended that the District Court deny a COA.

Accordingly, Petitioner is not entitled to a COA.

### *Notice to the Parties*

Within fourteen days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Federal Rules of Civil Procedure, Rule 72(b). Failure to file written objections within fourteen days after service shall bar an aggrieved party from de novo review by the District Court on an issue

---

[1] "Generally, an order of voluntary dismissal without prejudice entered at the plaintiff's request is not an involuntary adverse judgment." *Mortg. Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 300 (5th Cir. 1990). "This can easily be understood since the plaintiff has acquired that which he sought . . . ." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976).

covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

The clerk of this court shall forward a copy of this document to the parties by any receipted means.

SIGNED this 14th day of August, 2018, at McAllen, Texas.

_____
J. SCOTT HACKER
United States Magistrate Judge